UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RASHON KALANI 'KAI KING,

Petitioner,

v.

WARDEN R. BAKER, *et al.*,

Respondents.

Case No. 3:19-cv-00344-MMD-WGC

ORDER

This *pro se* habeas amended petition pursuant to 28 U.S.C. § 2254 comes before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and for consideration of Petitioner's motion for appointment of counsel.

Following review of the amended petition, the Court will direct service and a response.

Turning to Petitioner's motion for appointment of counsel, the Court finds that appointment of counsel is not justified. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also*

*Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, the amended petition is sufficiently clear in presenting the issues, and the legal issues are not particularly complex. Therefore, counsel is not justified.

It is therefore ordered that Petitioner's motion for appointment of counsel (ECF No. 1-2) is denied.

It is further ordered that Petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1) is denied as moot, as Petitioner has paid the filing fee.

It is further ordered that the Clerk of Court file the motion for appointment of counsel (ECF No. 1-2) and reflect that it has been denied by this order.

It is further ordered that the Clerk add Nevada Attorney General Aaron D. Ford as attorney for Respondents and informally electronically serve the Nevada Attorney General with a copy of the amended petition (ECF No. 5) and this order.

It is further ordered that Respondents file a response to the amended petition, including potentially by motion to dismiss, within 60 days of the date of entry of this order and that Petitioner may file a reply thereto within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule 7-2(b).

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

///

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that any hard copy of the exhibits for this case be forwarded to the Las Vegas Clerk's Office.

DATED THIS 5th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE