UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RASHON KALANI 'KAI KING, | Case No. 3:19-cv-00344-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| WARDEN R. BAKER, *et al.*, | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by *pro se* Petitioner Rashon Kalani 'Kai King, a Nevada prisoner. Currently before the Court is Respondents' motion to dismiss (ECF No. 9) ("Motion") certain claims in King's amended petition for writ of habeas corpus (ECF No. 5) ("Amended Petition"). King did not oppose the Motion, and the deadline to do so expired without request for extension.[1] For the reasons discussed below, the Motion is granted.

**I.    BACKGROUND**

King has been incarcerated since 2005 pursuant to a conviction and sentence imposed by the Second Judicial District Court for Washoe County. *State v. King*, Case No. CR04-0163A. Following a jury trial, King was found guilty of one count of robbery with the use of a deadly weapon and one count of first-degree kidnapping. (ECF No. 5 at 44-45.) On January 28, 2005, a judgment of conviction was entered sentencing King to 35-135

---

[1]LR 7-2 of the Local Rules of Civil Practice provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. LR 7-2(d); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal). Pursuant to the Local Rules, any response to Respondents' Motion was to be filed and served within 14 days, or by October 17, 2019. LR 7-2(b). Although no response was filed, the Court will address the merits of the motion to ensure a complete record.

months for the robbery, plus a like consecutive term for use of a deadly weapon, and 5-15 years for the kidnapping, plus a like consecutive term for use of a deadly weapon. (*Id.*)

In December 2017, King filed a *pro se* state petition for writ of habeas corpus ("state petition") challenging the Nevada Department of Corrections' ("NDOC") computation of time served on his judgment of conviction. (ECF No. 10-10.) The state petition was denied. (ECF No. 10-21.) King appealed. In March 2019, the Nevada Court of Appeals affirmed the denial of relief. (ECF No. 10-32.)

On June 21, 2019, King initiated this federal habeas corpus proceeding. (ECF No. 1.) He subsequently amended his pleading. (ECF No. 5.) The Amended Petition asserts violations of King's rights under the Eighth and Fourteenth Amendments based on NDOC's computation of time served on his judgment of conviction and failure to give him statutory good time credits under NRS § 209.4465 and *Williams v. State*, 402 P.3d 1260 (2017). Respondents have moved to dismiss the Amended Petition because King's claims are not cognizable in federal habeas.

**II.     DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *McGuire*, 502 U.S. at 67-68 (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of

due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). Generally, matters relating to state sentencing are not cognizable on federal habeas review. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing laws does not justify federal habeas relief unless "fundamental unfairness" is shown).

King's Amended Petition is subject to dismissal as non-cognizable in federal habeas. Although he identifies the Eighth and Fourteenth Amendments as the legal basis for his claims, the Amended Petition presents no federal question because his claims plainly hinge on the application or interpretation of state sentencing law. *See Swarthout v. Cooke*, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). The Nevada courts rejected his arguments on state law grounds. (ECF No. 10-21, 10-32.) Because King's claims present questions of state law, they are not cognizable in federal habeas corpus proceedings.

In addition, King's claims are not cognizable because success on the merits of the claims "would not necessarily lead to immediate or speedier release." *Nettles v. Grounds*, 830 F.3d 922, 934-935 (9th Cir. 2016). Habeas relief is not available for "probabilistic claims," *i.e.*, where success on the claims "*could potentially* affect the duration of confinement" or is "*likely* to accelerate the prisoner's eligibility for parole." *Id.* at 933-34 (quotation omitted). Here, if King were to succeed on his claims, it would mean an earlier parole hearing. But an earlier parole hearing will not necessarily lead to a petitioner's immediate or speedier release because the parole board has the authority and discretion to grant or deny parole. *Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867 (Nev. 2008) (citing NRS 213.1099(2) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole.")). Because success on King's claims would not necessarily lead to his immediate or speedier release, they do not fall in the "core" of

habeas and must be brought, if at all, in a civil rights complaint under 42 U.S.C. § 1983.[2] *See, e.g.*, *Gordon v. Premo*, 757 Fed. App'x 627, 628 (9th Cir. 2019).

### III. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 9) is granted.

It is further ordered that Petitioner Rashon Kalani 'Kai King's amended petition for writ of habeas corpus (ECF No. 5) is dismissed with prejudice as non-cognizable.

It is further ordered that King is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition to be debatable or wrong.

The Clerk of Court is instructed to enter final judgment accordingly, dismissing this action with prejudice, and close this case.

DATED THIS 2nd day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court has not completed a review of other potential issues that may arise if King files a § 1983 complaint. This order does not explicitly or implicitly find that a § 1983 complaint would be free of deficiencies, procedural or otherwise. In addition, the Court expresses no opinion regarding the exhaustion of administrative remedies, which is a prerequisite to filing a complaint presenting constitutional claims to the federal courts. 42 U.S.C. § 1997e (Prison Litigation Reform Act or "PLRA"); *Nettles*, 830 F.3d at 932.

The Court also declines to recharacterize the Amended Petition as a § 1983 complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead causes of action under § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Nettles*, 830 F.3d. at 935-36. However, habeas actions and § 1983 prisoner civil rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.* at 935-36 (quotation omitted); *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's pro se filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). Here, the Amended Petition is not amenable to conversion on its face because it is not clear that King has named the proper defendant or whether recharacterization would disadvantage King.